## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:09CV-524-S

**CONSTANCE S. HAUCK ADAMSON**                                                  **PLAINTIFF**

v.

**CAROL AND KATIE SCHEMPP**                                                         **DEFENDANTS**

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Constance S. Hauck Adamson, acting *pro se*, commenced this action against Carol and Katie Schempp, manager (landlord). Plaintiff has filed an application to proceed without prepayment of filing fees (DN 3). Plaintiff's application makes the requisite showing under 28 U.S.C. § 1915(a). Her application (DN 3) is, therefore, **GRANTED**.

In her form complaint under the section asking her to state the grounds for filing this action in Federal Court, Plaintiff states: "I'm missing a record my son signed for social security benefits, and other important records to me." She further explains her claim as follows:

> I lived at 1516 Hepburn Ave. # 8. I have a legitimate complaint with Mr. Carol Schempp and his daughter and staff. He is the relator and manager. I need a US Attorney and, it is a lawsuit with him and I will talk to an attorney in detail about not having any legal rights from a landlord as a tenant.
>
> I am just a poor widow so is there a percentage an attorney can accept from me after defending my legal rights. Even if it involves the family it doesn't matter, I expect privacy and security in my home. I had a security lock, and the management let someone in my home to take some important records of mine, of which I could have used in court to receive money. I have a good case.
>
> I need my records to give to a federal judge to receive federal money, also Mr. Schempp is with the Housing Authority receiving federal funds and I can express that I don't think he's qualified until he understands a tenants legal rights to privacy and security.

(DN 1).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 50 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Ed.*, 114 F.3d 162, 165 (11th Cir. 1997)).

Under 28 U.S.C. § 1331, the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff does not to cite to any federal statute or constitutional provision in support of her claims. She alleges that the defendants, private citizens, were her landlords and invaded her privacy by taking a paper that she needed to get federal benefits. The fact that the item that Plaintiff claims was taken relates to federal benefits does not transform a state-law cause of action into a federal one. The claim remains grounded in state law.

To bring a state-law cause of action in federal court, a plaintiff must allege that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Plaintiff has not alleged either prerequisite. In fact, in her complaint she states

that all parties reside in Jefferson County, Kentucky. This suggests that complete diversity is lacking in the current action.

For the reasons set forth above, the Court will dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Date: February 26, 2010

Charles R. Simpson III, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4411.008